CaRUTHERS, J.,
delivered the opinion of the Court.
L. E. & Epps Tucker were partners in the mercantile business, and the former, in the absence of the latter, made an assignment of all the goods, notes, and accounts of the firm to , James M. Davidson, in trust, for the security and payment of a large amount of debts, both firm and individual.
This bill is filed by the complainant, who is a creditor of the firm, to attach the effects assigned, and appropriate them to his debt, upon the ground that the *35 deed of trust was void, because it provided for the individual debts of the partner who executed it, and for the further reason, that one partner cannot make an assignment, especially one under, seal, of the partnership effects.
The Chancellor granted the prayer of the bill, upon the ground that the deed of trust was void, because it provided in part for his individual debts. The complainant’s debts, amounting to about $2,000, are decreed to be paid out of the effects attached, being the same included in the deed of trust.
Davidson, the trustee, alone appealed to this Court.
Several questions are contested in the argument, but the case is made mainly to turn upon two. First— Whether one partner has the power to convey all the partnership effects to a trustee, for the payment of debts against the firm; and secondly — if he has such power, does it render the deed void to include his own individual debt in the same deed ?
First — There can now be no doubt but that in partnerships for buying and selling goods, as in case of merchants, each partner may make a valid sale of the articles in which the firm trades. This is by virtue of the general agency in each, to act for all, in their common business, and that dominion which every member has for the purposes and objects of the trade over the joint property.
The very object of the business is to make profit by selling and buying the articles in which they deal. Each must of necessity, have the power to bind the whole in the business for which they have united; otherise, it would be impracticable to operate successfully. *36 Any one, then, can make a binding and valid disposition of the goods and effects, though not of the real estate, by sale, or transfer, or exchange.
It has sometimes been made a question, whether one partner, without the concurrence of all, can sell out the whole stock in trade, because that would put an end to the objects of the association, and’ discontinue, if not dissolve the partnership. But what is the limit of this admitted power of disposition ? If it extends to one article or more, why not to all ? How is a line to be fixed and settled between the valid and invalid sales, upon this ground ?
We presume there is no such distinction, and that each partner' is entrusted, by the nature of this relation, with the authority to sell all, as well as any part, to any one who purchases in good faith. If he can sell the goods, then, or transfer the notes and accounts for money or other property, he can do the same in payment of demands against the firm. It is as much within the scope of the partnership authority, to apply the assets of the firm to the payment of its debts, as to sell them.
If one partner can do this himself, there can be no reason why he may not do the same by the intervention of a trustee, to act under a deed of trust in which the effects are conveyed, provided, of course, that it is all done bona fide. Anderson & Wilkins vs. Tompkins, 1 Brock. R., 456.
In this case the whole question is discussed by Chief Justice Marshall, and made too plain for controversy. To the same effect is Tarpley vs. Butterfield, 1 Metcalf, 515. Story on Partnership, § 101 and *37 § 94. And this may he done by deed. lb. It is not an obligation against the firm, but a disposition of its effects for the payment of its liabilities. This may he done without deed or writing, and the fact that it is under seal cannot, in such a case, affect its validity, at least in equity, lb.
The power of disposition as well as the mode, would be different as to realty, or in case of tenants in common, or joint owners of property.
But, the second objection in this case, and the one which was fatal to the assignment before the Chancellor’ is, that the deed of trust provided for and secured the individual debts of L. E. Tucker, as well as those of the firm. On this ground, his Honor declared the whole deed, void, and let in the complainant upon the property assigned. This was erroneous.
If the ¡transaction were not fraudulent in fact, but only so by construction of law as to certain debts secured, it would be • good to the extent of the Iona fide debts, especially where they were separate and distinct claims. Peacock vs. Tompkins, Meigs’ R., 317 to 331; 7 Humph., 179, 310. And in Neuffer, Hendrix & Co. vs. Thos. J. Pardue, and others, 3 Sneed. 191, we hold that where a part of a single debt, secured by a deed of trust, was really due, it was good for that part. The mere fact, then, that the deed included debts of the individual partner, making it to be paid out of the partnership means, would not, per se, make it void as to the partnership debts secured. Nor would it, perhaps, be void as to the private debts, but only ineffectual as a security for them as against the credits of the firm, and could only be available to the *38 private creditors in the event that a surplus should remain after discharging the firm debts, and then only to the extent of the share of the surplus to -which the individual partner would he entitled, as between him and his co-partners. The principle is, that joint creditors have a general lien on the funds of the partnership, to he worked out through the members, and consequently, in case of insolvency, are to be preferred to the creditors of the individual members of the firm.
Erom which it results that one member - of the concern cannot give his separate creditor a specific lien on the joint property, that will over-reach or defeat this general lien. 2 Meigs’ Dig., 1413.
Such an attempt to provide for the paymer of separate debts out of the joint property, is only nugatory and unavailing, so far as the joint creditors are concerned, and by them may be disregarded and set aside until they are satisfied. It can have no other or further effect against the assignment. It does not avoid it out and out, but only to that extent. The complainant’s debts are provided for in the deed, and if they were not, they would still be entitled to priority of satisfaction over the same, so far as it provides for the individual debts.
The deed will be declared good and valid as an assignment, and the trust fund be applied — first, to the discharge of the firm debts set forth therein, and paid in the order designated in the deed, and whatever may remain, if anything, to the extent of the share or interest of L. E. Tucker, as one of the partners, shall go to his individual creditors embraced in the deed.